UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. JOHNSON, # 44964-039

     Petitioner,                        Civil No. 2:16-CV-13215
                                              HONORABLE ARTHUR J. TARNOW
v.                                         UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN,

     Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Steven A. Johnson, ("petitioner"), presently confined at the United States Penitentiary in Lewisburg, Pennsylvania, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se,* petitioner challenges his conviction out of the Oakland County Circuit Court for carrying a concealed weapon, M.C.L.A. 750.227. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. Background**

Petitioner was convicted following a jury trial in the Oakland County Circuit Court. The Michigan Court of Appeals affirmed petitioner's conviction on his appeal of right. *People v. Johnson*, No. 298374, 2013 WL 1748599 (Mich. Ct. App. Apr. 23, 2013) Petitioner did not file an application for leave to appeal to the

1

Michigan Supreme Court. Petitioner has not filed any post-conviction motions with the Oakland County Circuit Court.[1]

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Fourteenth (14th) Amendment Due Process and Equal Protection of Law Violation. [delay in filing and adjudicating appeal].

II. *Gibbs v. Legrand,* 767 F. 3d 879, 886 (9th Cir. 2014); *Rundin v. Myles,* 766 F. 3d 1161, 1172 (9th Cir. 2014) both cite abandonment [appellate counsel was ineffective for failing to file application for leave to appeal to the Michigan Supreme Court].

## II. Discussion

The petition for writ of habeas corpus is subject to dismissal because petitioner seeks habeas relief from his state court conviction pursuant to 28 U.S.C. § 2241(C)(3) and not 28 U.S.C. § 2254, as well as the fact that petitioner failed to exhaust his claims with the state courts prior to filing his habeas petition.

Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). 28

---

[1] Some of this information comes from the Oakland County Circuit Court's website, https://courtexplorer.g2gcloud.com/oaklandcounty/SearchCases/Result, the Michigan Court of Appeals' website, https://coa.courts.mi.gov/ and from Westlaw's website, https://1.next.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

U.S.C.§ 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions ...support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254"and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006)(emphasis original); *See also Allen v. White*, 185 F. App'x. 487, 490 (6th Cir. 2006)("In light of the serious question whether a state prisoner *may* proceed under § 2241, there is no reason to think that a state prisoner (like Allen) *must* proceed under § 2241, or, a fortiori, that a court commits error by not converting a petition under § 2254 into one under § 2241)(emphasis original). The basic rationale behind these decisions is that because § 2254 is the more specific statute regarding habeas applications which challenge state court judgments, the provisions of that section take precedence

3

over Section 2241. *See Medberry v. Crosby,* 351 F. 3d 1049, 1060 (11th 2003);

*Cook v. N.Y. State Division of Parole*, 321 F. 3d 274, 279, n. 4. (2nd Cir. 2003);

*Coady v. Vaughn,* 251 F. 3d 480, 484-85 (3rd Cir. 2001).

Therefore, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 F. App'x. 94, 95 (6th Cir. 2002).

> "[W]hen a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)."

*Greene v. Tennessee Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001)(quoting *Walker v. O'Brien,* 216 F. 3d 626, 633 (7th Cir. 2000)).

As a general rule, if a habeas petition brought by a state prisoner under 28 U.S.C. § 2241 is re-characterized by a district court *sua sponte* as being a habeas petition brought under 28 U.S.C. § 2254, and the court then adjudicates the habeas petition on the merits and is inclined to dismiss the petition with prejudice, the court must first give notice to the petitioner and allow him the option of withdrawing the habeas petition. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir.2004)(citing *In re Shelton*, 295 F.3d 620, 622 (6th Cir.2002)). The re-characterization of a petition brought pursuant to 28 U.S.C. § 2241 as a § 2254 petition without prior notice to the petitioner may bar him from asserting a habeas

4

challenge to his state sentence at a later date, due to the limitations on the filing of second or successive habeas petitions that is contained in 28 U.S.C.§ 2244(b). *Id.*

It is unnecessary to offer petitioner the option to withdraw his petition or agree to have his petition re-characterized as one brought pursuant to 28 U.S.C. § 2254, because even if petitioner wished to proceed under Section 2254, the instant petition is also subject to dismissal because none of the claims that are contained in the petition have been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). The mere fact that petitioner is attempting to challenge his conviction under 28 U.S.C. § 2241 does

not excuse him from the exhaustion requirement. *See e.g. Collins v. Million,* 121 F. App'x. 628, 630 (6th Cir. 2005). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). The instant petition is subject to dismissal, because petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies with respect to his claims. *See Peralta v. Leavitt,* 56 F. App'x. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Petitioner, in fact, acknowledges on the face of his petition that he did not exhaust his claims prior to seeking habeas relief.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and pursue these claims in the state appellate courts as necessary. *See Wagner*

v. *Smith,* 581 F. 3d at 419; *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court dismisses the petition for writ of habeas corpus without prejudice. The Court will also deny petitioner a certificate of appealability. A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* [3]

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the

---

[3] The Court recognizes that petitioner brought his habeas corpus petition under 28 U.S.C. § 2241. However, a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability before appealing a federal district court's denial of his habeas petition. *See Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369 (6th Cir. 2001).

denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that petitioner will be granted leave to appeal *in forma pauperis.*

S/Arthur J. Tarnow
Arthur J. Tarnow
Supreme United States District Judge

Dated: October 4, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 4, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant